Welch, J.,
dissents.
hi disagree with the majority opinion because I believe the judgment of the trial court should be affirmed. Contrary to the arguments in this case, the issue raised on appeal is simple: Were the Lamberts entitled to summary judgment in their favor on their possessory action? The possessory action is one brought by the possessor of immovable property or of a real right therein to be maintained in his possession of the property or enjoyment of the right when he has been disturbed, or to be restored to the possession or enjoyment thereof when he has been evicted. La. C.C.P. art. 3655. To maintain the possesso-ry action, the possessor must allege and prove that: (1) he had possession of the immovable property or real right therein at the time the disturbance occurred; (2) he and his ancestors in title had such possession quietly and without interruption for more than a year immediately prior to the disturbance, unless evicted by force or fraud; (3) the disturbance was one in fact or in law (as defined by La. C.C.P. art. 3659); and that the possessory action was instituted within a year of the disturbance. La. C.C. art. 3658. Thus, the Lamberts, as the bearer of the burden of proof on the action, were required to establish that there were no genuine issues of material fact as to these elements and that they were entitled to judgment as a matter of law on their possessory action.
Based on my review of the record, the Lamberts met their burden of proof on the motion for summary judgment that they were entitled to be maintained in possession of the property. The evidence offered by the Lamberts established that |athey acquired title to the property at issue through conveyances from the Lacost family and the Parish between 1956 and 1960. The Lamberts’ evidence further established that they engaged in acts of corporeal possession over the property and that the Parish recognized that the Lamberts used the property for its sand and gravel operations and for cutting timber. The Lamberts, were, therefore, in constructive possession of the whole property.
In addition to having title to the property and corporeally possessing the property, the Lamberts’ physical acts of possession made use of the property within visible natural and artificial boundaries. Since the Lamberts made use of the entire property and corporeally possessed the property, they were presumed to possess the property as owner. Furthermore, their possession, once established, was presumed to continue, unless a disturbance in that possession is established. The Lamberts established that the Parish disturbed their possession in accordance with La. C.C.P. art. 3649 by entering on the Lamberts property to remove some of the concrete barricades for the purpose of allowing and encouraging traffic onto the Lambert property; by issuing the Lam-berts a notice to abate under its nuisance ordinance, which was intended to prevent the Lamberts from blocking public use of the property; and by the public state- *907 merits and emails made and sent by parish officials questioning the Lamberts’ rights to the property and encouraging the public to trespass on the property.
The evidence submitted by the Parish in opposition to the motion only established the occasional commercial and recreational use of the property by third persons; it did not contradict the Lamberts’ acts of possession or otherwise establish possession adverse to the Lamberts. The lack of knowledge of the affiants as to the Lam-berts’ possession is insufficient to establish there was an issue of material fact as to their possession. Furthermore, the Parish admitted and acknowledged the Lamberts’ possession as owner for decades through the various ^agreements it entered into with the Lamberts. In addition, the Parish failed to establish that its actions in removing some of the concrete barricades, issuing the notice to abate, and the statements and emails encouraging the public to trespass on the Lamberts’ property were not disturbances in the Lamberts’ possession or otherwise did not constitute acts which prohibited the Lamberts from quietly enjoying their possession or throwing an obstacle in the way of that enjoyment. Therefore, based on the record, the Parish failed to establish that there were any genuine issues of material fact that the Lamberts were entitled to be maintained in possession of the property.
Accordingly, the Lamberts were entitled to summary judgment declaring they had the right to maintain their possession of the property and the judgment of the trial court should be affirmed. Thus, I respectfully dissent.